[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
The sole issue in this accelerated case is whether the judgment of the Maumee Municipal Court, Small Claims Division, is against the manifest weight of the evidence.
Appellant, Ameer Aslam, worked for appellee, Grand Aire Express, as a pilot. Sometime in mid-October 2000, appellant left appellee's employ without receiving his pay of approximately $1,100 for the period of October 1, 2000 through October 14, 2000. Appellee subsequently notified appellant by mail that it would be retaining his last pay pursuant to an agreement that appellant signed when he began his employment at Grand Aire Express in August 1999.
The agreement, dated August 8, 1999, is captioned "TRAINING EXPENSE REPAYMENT AGREEMENT AND AUTHORIZATION FOR WAGE DEDUCTION." Under the terms of this agreement the employee, in consideration of his employment and $4,000 in training expenses paid by Grand Aire Express, agrees to repay a prorated amount of the training expenses if he voluntarily terminates his employment within two years of the date of the commencement of his training program. By signing the agreement, the employee also authorizes Grand Aire Express to deduct any pro-rated amount owed from his final paycheck. The agreement has appellant's name hand-printed on one line with his signature, consisting only of his initials, on the line below.
From October 2000 until the date, September 6, 2001, that he filed his complaint, appellant denied ever signing the August 8, 1999 agreement. He claimed that the signature on the agreement was not his and demanded that appellee pay him his final wages. Appellant's complaint requested an award in the amount of those wages. Appellee filed a counterclaim for amounts allegedly owed over and above the $1,100 in wages.
At the trial on this matter, appellant produced several examples of his handwriting. After a comparison, the trial court concluded that it was appellant's signature on the agreement. The court also stated that it neither believed appellant on his claim nor believed appellee on its counterclaim. Therefore, the court entered judgment in favor of appellee on appellant's claim and in favor of appellant on appellee's counterclaim. This appeal followed.
When the judgment of a trial court is supported by some competent, credible evidence going to the essential elements of a case, the judgment will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Further, the trial court, rather than this court, is the arbiter of witness credibility. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Therefore, we must accord deference to the trial court's judgment. Id.
In the present case, appellee based its defense on the existence of an express written contract. In any action involving an express contract, it must be shown, among other things, that the parties assented to be bound by its terms. Hummel v. Hummel (1938), 133 Ohio St. 520, 525. Appellant claimed that he did not assent to the agreement because the signature on that document was not his.
Nevertheless, the trial court compared appellant's signature on his pilot's license with his signature on the agreement and found that it matched. It is permissible for a trial court sitting as the trier of fact to compare a disputed writing to a standard without the aid of an expert witness. State v. Butler (Nov. 21, 1991), Cuyahoga App. No. 59424.
Moreover, Evid.R. 101(C)(8) expressly provides that the Ohio Rules of Evidence do not apply to proceedings in the small claims division of a municipal court. Thus, in a small claims case, some reliable evidence is sufficient to prove a claim or defense. Turner v. Sinha (1989),65 Ohio App.3d 30, 33. Here, the court had some reliable evidence, appellant's signature on his pilot's license issued by the Federal Aviation Administration, to support a finding that the signature on the agreement was, indeed, appellant's assent to the contract. Finally, we must accord the deference required by Seasons Coal to the trial court's determination of the credibility of appellant's testimony. For all of these reasons, the trial court's judgment is not against the manifest weight of the evidence, and appellant's sole assignment of error is found not well taken.
The judgment of the Maumee Municipal Court, Small Claims Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.